IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG SHELTON, <br> TDCJ #2056565, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-17-2139 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Greg Shelton, also known as Gregory James Shelton (TDCJ #2056565), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Shelton is currently incarcerated at the McConnell Unit as the result of a murder conviction that was entered against him in 2015, in the 23rd District Court of Brazoria County, Texas.[1] Shelton received a life sentence, which was affirmed on direct appeal. See

---

[1] Petition, Docket Entry No. 1, p. 2.

Shelton v. State, No. 01-15-01056-CR, 2016 WL 5851899 (Tex. App. — Houston [1st Dist.] Oct. 6, 2016, pet. ref'd). Shelton does not challenge that conviction in this action.

Shelton seeks relief from a prison disciplinary conviction that was entered against him at the McConnell Unit in late 2016.[2] In particular, Shelton challenges his conviction in disciplinary case #20170089846 for possessing a weapon in violation of prison rules.[3] As a result of this disciplinary conviction, Shelton spent 18 days in pre-hearing detention or solitary confinement.[4] Shelton filed grievances to challenge the conviction, but his appeals were unsuccessful.[5]

In two related claims for relief, Shelton contends that the challenged disciplinary conviction was entered against him in violation of the right to due process because there was insufficient evidence to support his conviction beyond a reasonable doubt.[6] For reasons explained below, the court concludes that Shelton is not entitled to relief under the legal standard that governs disciplinary proceedings in the state prison context.

---

[2]Id. at 5.

[3]Id. at 5-6.

[4]Petition, Docket Entry No. 1, p. 5.

[5]Id. at 5-6.

[6]Id. at 6-7.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. See Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1908 (1989) (citation omitted). To the extent that the disciplinary conviction may affect the petitioner's eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2104 (1979). Under these circumstances the petitioner's claims depend on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. Sandin, 115 S. Ct. at 2302. See also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas only those inmates who are eligible for the form of parole known as

mandatory supervision have a constitutional expectancy of early release. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See id. at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Shelton cannot demonstrate a constitutional violation in this case because he admits that he did not lose any previously earned good-time credit and that he is not otherwise eligible for mandatory supervision.[7] This is fatal to Shelton's due process claims. See Malchi, 211 F.3d at 957-58. Under these circumstances, Shelton cannot demonstrate a violation of the Due Process Clause, and his pending federal habeas corpus Petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability

---

[7]Petition, Docket Entry No. 1, p. 5 ¶¶ 16, 18. See also Tex. Gov't Code § 508.149(a)(2) (excluding Texas prisoners convicted of murder from eligibility for mandatory supervision).

when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether the petitioner states a valid claim or

that the Petition should be resolved in a different manner. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Greg Shelton (Docket Entry No. 1) is **DENIED** and this case will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 21st day of July, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE